**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| In re the Matter of the Personal Restraint of<br><br>JEFFERY JOEL DILKS,<br><br>               Petitioner. | No. 56855-1-II<br><br><br>UNPUBLISHED OPINION |

CRUSER, A.C.J.—In 2016 Jeffery Dilks pleaded guilty to first degree kidnapping and third degree rape of a child. The resulting judgment and sentence includes a community custody condition that Dilks shall not "possess or access any sexually explicit material or frequent adult bookstores, arcades or places where sexual entertainment is provided and shall not access pornography, sexually explicit materials or any information pertaining to minors via the computer." Pet. Exh. 1. It also instructs Dilks, "Do not loiter or frequent places where children congregate, including but not limited to shopping malls, schools, playgrounds, churches, or video arcades." Pet. Exh. 1 [Appx. at 34]. The court sentenced Dilks to the agreed minimum term of 113 months and a maximum term of life on the kidnapping count. As to the child rape count, the court imposed a 34-month sentence with 36 months of community supervision.

In April 2022, Dilks filed a personal restraint petition arguing that the community custody restriction on pornography is unlawful and that the total sentence on third degree child rape exceeds the statutory maximum. The State filed a response conceding that the petition was timely filed because the judgment and sentence was facially invalid. RCW 10.73.090. Specifically, the

State conceded that the pornography restriction was unconstitutionally vague based on *State v. Bahl*, 164 Wn.2d 739, 758, 193 P.3d 678 (2008) ("We conclude that the restriction on accessing or possessing pornographic materials is unconstitutionally vague."). And the State conceded that the total sentence imposed on the third degree rape of a child count, including in custody and supervision, exceeds the statutory maximum for a C class felony.

The acting chief judge referred this petition to a panel of judges and this court appointed counsel. RCW10.73.150(4). Counsel filed a supplemental brief again arguing that the pornography restriction is void. The State rested on its previous response.

ANALYSIS

Areas Where Children Congregate

The State's response does not address the argument that a community custody condition prohibiting Dilks from frequenting areas where children congregate is void for vagueness, citing *State v. Irwin*, 191 Wn. App. 644, 649, 364 P.3d 830 (2015). But the condition at issue in *Irwin* did not include examples of prohibited areas. *Irwin* explained that the condition failed vagueness analysis because, "[w]ithout some clarifying language or an illustrative list of prohibited locations . . . the condition does not give ordinary people sufficient notice to 'understand what conduct is proscribed.' " 191 Wn. App. at 655 (quoting *Bahl*, 164 Wn.2d at 753). Here, in contrast, the community custody condition includes a non-exhaustive list of examples. Including this list of examples ensures that an ordinary person can understand the prohibited conduct. *See State v. Starr*, No. 49327-6-II, slip op. at 5-8 (Wash. Ct. App. Oct. 17, 2017) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2049327-6-II%20Unpublished%20Opinion.pdf (approving similar condition with list of examples over *Irwin* objection). In sum, this community

No. 56855-1-II

custody condition is not void for vagueness and this claim does not merit relief via personal restraint petition.

## Pornography Restriction

As to the pornography restriction, we accept the State's concessions for the reasons stated and remand to the Kitsap County Superior Court with instructions to correct and amend the judgment and sentence in a manner consistent with this opinion.

## Length of Sentence

As noted, the State also conceded that the total sentence imposed on the third degree rape of a child count exceeds the statutory maximum for a C class felony. We accept this concession as well and remand for correction of this issue.

## CONCLUSION

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Cruser, A.C.J.

We concur:

Price, J.

Che, J.